UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EMPIRE STATE CARPENTERS WELFARE
ANNUITY and APPRENTICE TRAINING FUNDS,
by Patrick Morin and Joseph Olivieri as Trustees,
and SOUTH CENTRAL DISTRICT COUNCIL OF
CARPENTERS DEFINED BENEFIT FUND, by
David F. Haines and Frank Jones, as Trustees, and
the EMPIRE STATE REGIONAL COUNCIL OF
CARPENTERS, by Patrick Morin, Business Manager,

      Plaintiffs,     **MEMORANDUM AND ORDER**
                 **07-CV-2259 (DRH) (SIL)**

  -against-

CONWAY CONSTRUCTION OF ITHACA, INC.,

      Defendant.

----------------------------------------------------------------X
**APPEARANCES:**

**For the Plaintiffs:**
**LEVY RATNER, P.C.,**
80 Eighth Avenue, Floor 8
New York, New York 10011
By: Owen M. Rumelt, Esq.

**For the Defendant:**
**COUGHLIN & GERHART, LLP**
19 Chenango Street
P.O. Box 2039
Binghamton, New York 13902-2039
By: Joseph J. Steflik, Jr., Esq.

**Hurley, Senior District Judge:**

  Plaintiffs Empire State Carpenters Welfare Annuity and Apprenticeship Training Funds,

by Patrick Morin and Joseph Oliviere as Trustees, and South Central District Council of

Carpenters Defined Benefit Fund, by David F. Haines and Frank Jones as Trustees, (collectively,

the "Funds"), along with the Empire State Regional Council of Carpenters, by Patrick Morin as

Business Manager (the "Union," and together with the Funds, "plaintiffs"), commenced this action against Conway Construction of Ithaca, Inc. ("Defendant" or "Conway"), seeking damages arising out of Conway's failure to make required contributions pursuant to the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. § 141 *et seq.*, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. On March 15, 2012, this Court granted plaintiffs' motion for summary judgment and denied defendant's cross-motion for summary judgment. On January 21, 2015, this Court referred to Magistrate Judge Steven I. Locke the plaintiffs' motion for damages. On August 11, 2015, Judge Locke issued a Report and Recommendation ("R & R") recommending that plaintiffs be awarded "a total of $202,958.75 in damages, consisting of: (i) $90,884.85 in unpaid contributions; (ii) $24,918.34 in interest; (iii) 24, 918.34 in liquidated damages; (iv) $3,711.46 in audit expenses; and (v) $58,525.76 in attorneys' fees and costs." (R & R at 31.) Presently before the Court are defendant's timely objections to that award. For the reasons set forth below, defendant's objections are denied.

**BACKGROUND**

The Court assumes familiarity with the facts and procedural history as set forth in Judge Locke's R & R.

**DISCUSSION**

*I.   Legal Standard*

Federal Rule of Civil Procedure 72(b)(3) provides that a "district judge must determine de novo any part of [a] magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. "The *de novo* review requires the district court neither to 'rehear the contested testimony' nor to

'conduct a new hearing on contested issues.' " *Gutman v. Klein,* 2010 WL 4916722, at *1 (E.D.N.Y. Nov. 24, 2010) (quoting *United States v. Raddatz,* 447 U.S. 667, 674–75 (1980)). Moreover, even on a *de novo* review, a district court will generally "refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." *Kennedy v. Adamo,* 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (quoting *Haynes v. Quality Markets,* 2003 WL 23610575, at *3 (E.D.N.Y. Sept. 22, 2003)) (internal quotation marks and alteration omitted).

With respect to the portions of Judge Locke's Report and Recommendation that have not been objected to, the Court's review has been for clear error, and having found none, those portions are adopted. *See Benicorp Ins. Co. v. Nat'l Med. Health Card Sys., Inc.,* 447 F. Supp. 2d 329, 331 (S.D.N.Y. 2006) (citing Fed. R. Civ. P. 72(b)).

## II. Defendant's Objections

*Plaintiffs Recovery for Failure to Pay Dues*

Defendant argues that plaintiffs are not entitled to recover for unpaid union dues and unpaid contributions to the Construction Industry Fund. Defendant argues that "[t]he Construction Industry Fund is a fund for industry promotion," and that "Conway had the legal rights to cease payment to such funds at [its] option and may not be charged for such non-payments." (Obj. at 5.) For this proposition, defendant cites to a case from the Sixth Circuit, *N.L.R.B. v. Schumaker*, 959 F.2d 235 (6th Cir. 1992). Courts in this Circuit, however, have repeatedly awarded money for unpaid union dues and contributions to industry advancement funds especially where, as here, the collective bargaining agreement provided that the employer make such contributions. *See Laborers' Local No. 322 Pension Fund v. Legnetto Constr., Inc.*, 1997 WL 662454, at *2 (N.D.N.Y. Oct. 20, 1997) (awarding union dues and contributions to

industry advancement fund where collected bargaining agreement provided for both); *Bricklayers Ins. & Welfare Fund v. Primo Brick, Inc.*, 2013 WL 2120338, at *5 (E.D.N.Y. Apr. 3, 2013) (awarding unpaid union dues); *Buffalo Laborers Welfare Fund v. H & M Plumbing and Mech. Contracting, Inc.*, 2015 WL 1735198, *1 (W.D.N.Y. 2015) (awarding Construction Industry Fun contributions). Therefore, the Court will permit an award for unpaid union dues and unpaid contributions to the Construction Industry Fund here.

*Credits for Payments Made by Conway*

Defendant argues that the damage amount should be credited for payments it made to private benefit plans on behalf of individual employees. Defendant, however, does not cite any authority for this position. Moreover, the Court agrees with Judge Locke in that "[w]hile Mr. Conway's out-of-pocket contributions are commendable, they do not extinguish his obligations arising under the 2001 CBA." (R & R at 13.) Therefore, the Court will not credit the damage amount for payments defendant paid to private benefit plans.

*Attorneys' Fees*

Defendant argues that Judge Locke "erred in reducing the fees of Levy Ratner by a mere 5% and those of [Slevin] and Hart by only 10%" and in failing "to make any reduction in the fees incurred by Virginia & Ambinder ('V & A')." (Obj. at 2.) Specifically, defendant claims that these firms' fees should be reduced for the amount of time they spent engaging in settlement discussions and for time spent "reviewing materials," which it claims was excessive and duplicative (*Id*. at 2-3.)

Defendant argues that "[a]ttorney's fees for settlement negotiations in the instant matter would be inappropriate because the Funds are attempting to collect on an ordinary debt," i.e., the unpaid contributions. (Obj. at 3.) In support of this argument, defendant relies on *Gotlieb v.*

4

*Taco Bell Corp.*, 871 F. Supp. 147 (E.D.N.Y. 1994), where the court disallowed attorneys' fees for settlement discussions in a landlord tenant dispute and on *Banca Della Svizzera Italiana v. Cohen*, 756 F. Supp. 805 (S.D.N.Y. 1991), where the court disallowed attorneys' fees for time spent negotiating settlement in an action to collect monies due under a promissory note. However, in the two cases that defendant cited where attorneys' fees were sought pursuant to ERISA, the court awarded attorneys' fees for time spent undergoing settlement negotiations. *See Couch v. Cont'l Cas. Co.*, 2008 WL 131198, at *5 (E. D. Ky. 2008); *Schueler v. Roman Asphalt Corp.*, 827 F. Supp. 247, 256 (S.D.N.Y. 1993). Similarly, here the Court will not reduce the attorneys' fees award by the amount spent during settlement negotiations.

With regard to defendant's second argument for reduction in fees, it is correct that a court may in its discretion reduce a fee award by a percentage for excessive and duplicative work. *See N. Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) (noting that "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application). However, contrary to defendant's position, this rule does not provide that fee awards should be reduced for all billing records containing the word "reviewed." Defendant would have the Court believe that each time record describing some type of "review" necessarily involved duplicative work, but this is not the case here. For example, many of the time entries from V & A discuss necessary work like the "review" of relevant case law, letters from opposing counsel, and court documents, and do not indicate that this work is duplicative of any other attorneys or law firms. (*See* Decl. of Elina Burke, Ex. A, V & A billing records.) Defendant's argument that this work was duplicative cannot rest simply on the fact that Levy Ratner, Slevin & Hart and V & A were not the first law firm to work on the case. Judge Locke already reduced the fees of Levy Ratner and those of Slevin and Hart by 5% and 10%, respectively, and the

defendant has not persuaded the Court that any further reduction is warranted. Therefore, the Court adopts Judge Locke's award of $58,525.76 for attorneys' fees and costs.[1]

### Conclusion

For the foregoing reasons, defendant's objections to Judge Locke's Report and Recommendation are denied.

**SO ORDERED.**

Dated: Central Islip, New York
      September 14, 2015                              _____/s/_____
                                                             Denis R. Hurley
                                                              United States District Judge

---

[1] Defendant's argument that plaintiffs "did not meet their burden of documenting their costs" is limited to the statement that "[c]ertain general expenses should not have been charged to the Funds or the Union and then to Conway" such as V & A's August 7, 2013 claim for a Second Circuit admission fee of $216.00. (Obj. at 4.) Defendant, however, provides no authority for this position or explanation of any of the other "general expenses" to which it objects. As a result, their request that the costs award be reduced is denied.