UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
EMPIRE STATE CARPENTERS WELFARE,
ANNUITY and APPRENTICE TRAINING
FUNDS, *by Patrick Morin and Joseph Olivieri as Trustees*, SOUTH CENTRAL DISTRICT
COUNCIL OF CARPENTERS DEFINED
BENEFIT FUND, *by David F. Haines and Frank Jones as Trustees*, and THE EMPIRE STATE
REGIONAL COUNCIL OF CARPENTERS, *by Patrick Morin as Business Manager*,

**REPORT AND RECOMMENDATION**

07-cv-2259 (DRH) (SIL)

                            Plaintiffs,

   -against-

CONWAY CONSTRUCTION OF ITHACA, INC.,

                            Defendant.
------------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Plaintiffs Empire State Carpenters Welfare, Annuity and Apprentice Training Funds, by Patrick Morin and Joseph Olivieri as Trustees, and the South Central District Council of Carpenters Defined Benefit Fund, by David F. Haines and Frank Jones as Trustees, (together, the "Funds"), along with the Empire State Regional Council of Carpenters, by Patrick Morin as Business Manager (collectively with the Funds, "Plaintiffs"), commenced this action against Conway Construction of Ithaca, Inc. ("Defendant" or "Conway"), seeking damages in connection with Conway's alleged failure to make required benefits contributions pursuant to the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. § 141 *et seq.*, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq. See* Complaint, Docket Entry ("DE") [1]. Presently before the Court, on referral from the

Honorable Denis R. Hurley for Report and Recommendation, is Conway's motion to recover attorneys' fees and costs incurred in successfully defending this action, pursuant to 29 U.S.C. § 1132(g)(1) and Fed. R. Civ. P. 54(d). *See* DE [116]. For the reasons set forth herein, the Court respectfully recommends denying Defendant's motion.

I. Background

This litigation has an extensive history, familiarity with which is presumed. *See*, DEs [24], [38], [69], and [114] (detailing the underlying facts of this action). Thus, the Court only provides a summary of facts and procedural history necessary to decide the instant motion.

By way of Complaint dated June 5, 2007, Plaintiffs commenced this action seeking to recover unpaid fringe benefit contributions pursuant to a collective bargaining agreement in effect from 2001 through 2006 (the "CBA"). *See* DE [1]. The crux of the dispute focused on whether Conway manifested its intent to be bound by the CBA despite not being a signatory to it. *See* DE [24] at 6. Following the close of discovery, the parties filed cross-motions for summary judgment on March 12, 2009. *See* DE [20]. On February 19, 2010, Judge Hurley denied both motions after determining that although Conway was bound by the CBA as a matter of law based on its conduct, more briefing was required as to whether Defendant unilaterally terminated its obligations thereunder in 2003. *See* DE [24] at 7, 15-16. The parties subsequently renewed their cross-motions for summary judgment on August 15, 2011. *See* DE [34]. On March 15, 2012, Judge Hurley granted summary judgment in

2

Plaintiffs' favor while denying Conway's motion, holding that Defendant was bound by the CBA for its entire term. *See* DE [38] at 17. Accordingly, Judge Hurley directed the parties to set a briefing schedule with respect to damages. *See id*. Defendant appealed that decision, *see* DE [39], but the appeal was dismissed for lack of jurisdiction because a final order had not yet been entered. *See* DE [51]. Plaintiffs then filed their motion for damages, *see* DE [55], and Judge Hurley referred that motion to this Court for Report and Recommendation. *See* January 21, 2015 Order. Following an evidentiary hearing on July 31, 2015 and subsequent supplemental briefing, *see* DEs [65] - [67], this Court recommended awarding Plaintiffs $202,958.75 in damages. *See* DE [69]. On September 14, 2015, Judge Hurley adopted this Court's Report and Recommendation and entered judgment against Defendant for $202,958.75. *See* DEs [73], [74] (the "Judgment"). Conway again appealed the summary judgment decision and resulting Judgment. *See* DE [75]. On September 28, 2016, the Second Circuit found that genuine disputes of material fact existed as to whether Defendant's conduct manifested an intent to be bound to the terms of the unsigned CBA. *See* DE [82] at 4. Accordingly, the Judgment was vacated, and the case was remanded for further proceedings. *See id*.

Following a bench trial on the issue of whether Conway implicitly assented to be bound by the CBA, Judge Hurley concluded that Plaintiffs "failed to establish by a preponderance of the evidence their claim against Conway Construction for unpaid fringe benefit contributions," and directed the Clerk of the Court to enter judgment for Defendant and close the case. *See* DE [114] at 3, 12. In reaching his decision that

3

Conway did not intend to be bound by the CBA, Judge Hurley noted that "[t]he evidence of implicit assent advanced by Plaintiffs is formidable and would certainly have carried the day but for the compelling and, [in Judge Hurley's opinion], highly credible testimony of Conway." *See id.* at 11.

On April 24, 2018, Defendant filed the instant motion for attorneys' fees and costs, *see* DE [116], which Judge Hurley referred to this Court for Report and Recommendation. *See* April 25, 2018 Order Referring Motion. Plaintiffs opposed the motion, *see* DE [118], and in connection therewith requested leave to file a sur-reply after Conway raised new arguments on reply. *See* DE [121]. This Court granted the requested leave, *see* January 10, 2019 Electronic Order, and Plaintiffs filed their sur-reply on January 15, 2019. *See* DE [124].

**II.   Discussion**

"The general rule in [the American] legal system is that each party must pay its own attorney's fees and expenses." *See e.g.*, *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550, 130 S. Ct. 1662, 1671 (2010) (internal citations omitted). Under ERISA, however, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1); *see also LaBarbera v. J.E.T. Res., Inc.*, 396 F. Supp. 2d 346, 349-50 (E.D.N.Y. 2005) ("Under ERISA, an award of attorneys' fees and costs is within the sound discretion of the trial court"). In the Second Circuit, courts weigh the following five factors when considering whether to award legal fees and costs:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an

4

> award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

*Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987) *abrogation on other grounds recognized by Levitian v. Sun Life & Health Ins. Co.*, 486 F. App'x 136 (2d Cir. 2012) (internal citations omitted). A district court's discretion in this regard, however, "'is not unlimited,' inasmuch as it may only award attorneys' fees to a [party] who has obtained 'some degree of success on the merits.'" *Donachie v. Liberty Life Assur. Co. of Bos.*, 745 F.3d 41, 46 (2d Cir. 2014) (quoting *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 254–55, 130 S.Ct. 2149 (2010). "A party satisfies this standard if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." *Dist. Photo Inc. Health Care Plan v. Pyrros*, No. 13-cv-4285, 2017 WL 2334027, at *3 (E.D.N.Y. May 30, 2017) (internal quotation and citation omitted). Thus, in deciding whether to render an award under Section 1132(g)(1), courts *may* apply the *Chambless* factors, but the only factor they *must* consider is whether a party obtained some degree of success on the merits. *See Tedesco v. I.B.E.W. Local 1249 Ins. Fund*, No. 14-cv-3367, 2019 WL 140649, at *4 (S.D.N.Y. Jan. 9, 2019) (citing *Donachie*, 745 F.3d at 46).

"Although the *Chambless* test applies to both plaintiffs and defendants in ERISA actions, courts have cautioned that the five factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." *Salovaara v.*

5

*Eckert*, 222 F.3d 19, 28 (2d Cir. 2000) (internal quotation and citations omitted).  The disfavor of awards to defendants stems, *inter alia*, from:  (i) plaintiffs often bringing suits in good faith despite ultimately failing to prove their case; (ii) the goal of avoiding a chilling effect against bringing colorable suits; and (iii) supporting ERISA's essential remedial purpose of protecting beneficiaries of pension plans.  *See id*; *see also Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 111 (2d Cir. 2011) ("This favorable slant toward ERISA plaintiffs is necessary to prevent the chilling of suits brought in good faith") (internal quotation and citation omitted).

Applying these standards, and for the reasons set forth below, the Court concludes that an award of attorneys' fees and costs to Defendant is not warranted here.  As an initial matter, Conway's victory at trial certainly constitutes success on the merits such that the Court retains its discretion to award fees and costs under *Chambless*.  Weighing the relevant factors, however, establishes that an award is inappropriate.

The Court notes that Conway made little to no effort at justifying its request for attorneys' fees and costs.  Indeed, in its moving papers Defendant cites to no authority, save the statute itself, substantiating its claim for relief.  *See generally* Declaration of Joseph Steflik, Jr., DE [117].  On reply, after Plaintiffs outlined the relevant precedent for determining whether an award under Section 1132(g)(1) is appropriate, Conway for the first time referenced the *Chambless* factors.  *See* [Reply] Memorandum of Law ("Def.'s Reply"), DE [120].  Still, however, Defendant did little

6

more than list the factors and claim in conclusory fashion that it was entitled to recovery. *See id*. at 3.[1] Notwithstanding, the Court considers the *Chambless* factors.

### A. Culpability or Bad Faith

The Court first concludes that Plaintiffs brought this action in good faith. The Court notes that "[t]his first factor regarding 'bad faith' is generally the most significant to the overall determination whether a defendant should be awarded attorney's fees in an ERISA setting." *Critelli v. Fid. Nat. Title Ins. Co. of New York*, 554 F. Supp. 2d 360, 364 (E.D.N.Y. 2008). With respect to culpability, the bad faith "of a losing plaintiff significantly differs from that of a losing defendant" in that the latter "must have violated ERISA, thereby depriving plaintiffs of rights under a [benefit] plan" whereas the former "may be only in error or unable to prove his case." *Salovaara*, 222 F.3d at 28 (internal quotations and citations omitted); *see also Pyrros*, 2017 WL 2334027, at *4 ("a party that has raised potentially meritorious claims in good faith will generally not be deemed culpable") (internal citations omitted). Here, Plaintiffs clearly commenced suit under the good faith belief that Conway neglected to contribute to the Funds in accordance with the CBA. Indeed, Judge Hurley initially granted summary judgment in Plaintiffs' favor, *see* DE [38], and despite ultimately ruling for Defendant after a bench trial following the Second Circuit's

---

[1] Defendant also relied on two additional cases to support its motion, neither of which support its request. *See* Def.'s Reply at 1-2. Conway first references a Ninth Circuit decision, in arguing that "a court may assess attorney's fees against a multi-employer benefit plan that unsuccessfully sues an employer for non-payment of ERISA contributions." *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 230 (9th Cir. 1994). However, in that case the Ninth Circuit *reversed* the district court's fee award in acknowledging ERISA's purpose of "provid[ing] relief to beneficiaries with legitimate claims." *Id*. at 231. Thus, Conway's citation to *Corder* is misplaced. Defendant's reliance on *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 133 S. Ct. 1166 (2013) is also misguided, as that case concerned costs under the Fair Debt Collections Practices Act, not ERISA.

7

remand, he concluded that Plaintiffs advanced "formidable" evidence that "would certainly have carried the day but for [Conway's compelling testimony]." *See* DE [114] at 11. Thus, it is evident that Plaintiffs were dutifully carrying out their fiduciary obligation of protecting the Funds' beneficiaries.[2] Accordingly, this first essential factor weighs in Plaintiffs' favor.

### B. Ability to Pay

As for the ability of the offending party to satisfy an award, "it is only a party's *inability* to pay an award that weighs in its favor while its *ability* to pay is generally neutral in effect." *Tedesco*, 2019 WL 140649, at *7 (internal quotations and citations omitted) (*emphasis in original*). Here, Conway makes no argument with respect to Plaintiffs' ability to pay but instead mentions its own position as a small business. *See* Def.'s Reply at 3. This argument misses the mark as the question concerns *Plaintiffs'*, not Defendant's, ability to satisfy an award. To that end, Plaintiffs note that although they technically could pay Conway's legal fees, any such award would come at the detriment of the Funds' beneficiaries. *See* Memorandum of Law in Opposition to Defendant's Application for Attorney's Fees and Costs ("Pls.' Opp.") at 5-6. Because neither party asserts that Plaintiffs would be unable to pay, this factor is neutral.

### C. Deterrence

The Court next concludes that granting Conway's motion would not deter

---

[2] Conway argues that Plaintiffs initiated this action to coerce it to "sign" with the union. *See* Def.'s Reply at 3. The Court assumes "sign" refers to execute the CBA, but it is unclear from the papers. *See id*. In any event, this contention is unsupported by any citation to the record and is therefore rejected.

8

future misconduct. Indeed, in the absence of culpable conduct by an offending party, "there is no misconduct to deter." *Pyrros*, 2017 WL 2334027, at *6.

> In fact, where, as in this case, an ERISA plaintiff has pursued a colorable (albeit unsuccessful) claim, [this factor] … weighs strongly *against* granting fees to the prevailing defendant. Awarding fees in such a case would likely deter beneficiaries and trustees from bringing suits in good faith for fear that they would be saddled by their adversary's fees in addition to their own in the event that they failed to prevail; this, in turn, would undermine ERISA's essential remedial purpose of protecting beneficiaries of pension plans.

*Salovaara*, 222 F.3d at 31 (*emphasis in original*) (internal citation omitted); *see also Pyrros*, 2017 WL 2334027, at *7 (refusing fees to a prevailing defendant, *inter alia*, because of "the possible chilling effect an award would have on potentially meritorious lawsuits brought to protect beneficiaries' interests"). Here, as detailed above, Plaintiffs brought this action with the good faith belief that they had a meritorious claim, but ultimately lost at trial despite proffering substantial supporting evidence. Thus, an award of attorneys' fees and costs in this instance would merely chill future potentially viable claims. Accordingly, this factor also weighs in Plaintiffs' favor.

### D.    Relative Merits of the Parties' Positions

The relative merits of the parties' positions further militate against an award of fees here because Plaintiffs' position was colorable. *See Renda v. Adam Meldrum & Anderson Co.*, 806 F. Supp. 1071, 1084 (W.D.N.Y. 1992) ("an award is less appropriate where, as here, the losing party has presented a meritorious, albeit unsuccessful, argument in support of its position"). As Judge Hurley found in his

9

first summary judgment decision, *Brown v. C. Volante Corp.* stands for the proposition that an employer can demonstrate an intent to be bound by a CBA despite not having signed the document. *See* 194 F.3d 351, 355 (2d Cir. 1999); *see also* DE [24]. Following this precedent, Judge Hurley concluded that Conway implicitly assented to the terms of the CBA. In vacating the Judgment and remanding this case, the Second Circuit agreed with the legal conclusions of *Brown* but held that genuine factual disputes as to whether Conway manifested its intent to be bound precluded summary judgment. *See* DE [82] at 3-4. Defendant's eventual success at trial turned on what Judge Hurley considered "highly credible testimony" from Conway notwithstanding the validity of Plaintiffs' legal position. *See* DE [114] at 11. Because Plaintiffs brought this action under a viable theory of law and adduced "formidable" evidence in support thereof, Conway's victory renders this factor neutral.

### E.    Common Benefit

"[T]he fifth *Chambless* factor, whether the action conferred a common benefit on a group of plan participants, is generally regarded as either inapplicable or neutral where an ERISA defendant is seeking attorneys' fees." *Mahoney v. J.J. Weiser & Co.*, 646 F. Supp. 2d 582, 594 (S.D.N.Y. 2009) (collecting cases). Accordingly, because the instant motion concerns *Conway's* request for attorneys' fees and costs, the Court declines to consider this this final factor.

Having weighed the *Chambless* factors and determined that the first and third factors weigh in Plaintiffs' favor, the second and fourth factors are neutral, and the

fifth factor is inapplicable, the Court concludes that an award of attorneys' fees and costs to Conway is inappropriate. Plaintiffs unquestionably brought this action with the good faith belief that they had a meritorious claim for delinquent contributions and indeed almost prevailed on multiple occasions. Rendering an award in Conway's favor under these circumstances would undoubtedly have a chilling effect on future trustees responsible for enforcing beneficiaries' rights under ERISA. Accordingly, the Court respectfully recommends denying Conway's motion for attorneys' fees and costs.

### III.  Conclusion

For the reasons set forth above, the Court respectfully recommends denying Defendant's motion for attorneys' fees and costs.

### IV.  Objections

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
        February 7, 2019      /s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge