```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
EMPIRE STATE CARPENTERS
WELFARE, ANNUITY AND APPRENTICE
TRAINING FUNDS, SOUTH CENTRAL
DISTRICT COUNCIL OF CARPENTERS
DEFINED BENEFIT FUND, THE EMPIRE
STATE REGIONAL COUNCIL OF
CARPENTERS,

                        Plaintiffs,             ORDER
-against-                                        07-CV-2259 (DRH)(SIL)

CONWAY CONSTRUCTION OF
ITHACA, INC.,

                        Defendant.
----------------------------------------------------X
```

**HURLEY, Senior District Judge:**

## INTRODUCTION

Presently before the Court is the Report and Recommendation ("R&R), dated February 7, 2019, of Magistrate Judge Steven I. Locke recommending that the Court deny Defendant's motion for attorney's fees. Defendant filed timely objections to the R&R, and Plaintiffs then filed a response in support of the R&R.

## BACKGROUND

This case has an extensive history, familiarity with which is presumed. (*See* ECF Nos. [24], [38], [69], [114], and [125].) As such, the Court only provides a summary of facts and procedural history necessary to decide the instant motion.

Plaintiffs filed the Complaint commencing this action on June 5, 2007, seeking to recover unpaid fringe benefits contributions pursuant to a collective bargaining agreement ("CBA") under the Employment Retirement Income Security Act ("ERISA"). (Compl. [ECF No. 1].) The

critical question before the Court was whether Defendant manifested an intent to be bound by the CBA despite not being a signatory to it. After a lengthy discovery process, this Court granted summary judgment in Plaintiffs' favor on March 15, 2012, finding that Defendant was bound by the CBA. After an evidentiary hearing as to damages, this Court adopted Judge Locke's September 14, 2015 R&R and entered judgment against Defendant in an amount of $202,958.75. (Order [ECF No. 73] at 1.)

Defendant appealed the decision. On September 28, 2016, the Second Circuit found that there were outstanding questions of material facts as to whether Defendant's conduct manifested an intent to be bound by the CBA. The Second Circuit vacated the judgment and remanded the matter for further proceedings. Following a bench trial primarily addressing this central issue, this Court issued its decision on April 4, 2018, holding that Plaintiffs "failed to establish by a preponderance of the evidence their claim against [Defendant] for unpaid fringe benefit contribution" in that the trial proof demonstrated that "Conway [] never intended to, or did, adopt the 2001–2006 CBA by conduct or otherwise." (Findings of Facts and Concl. of Law (ECF No. 114) at 2, 12, 16.) On April 24, 2018, Defendant filed the instant motion for attorneys' fees and costs, seeking costs in the amount of $15,593.06 and attorneys' fees in the amount of $205,014. (Joseph J. Steflik, Jr. Decl [ECF No. 117] ¶ 28.)

## APPLICABLE STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues an R&R on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b). Accordingly, the Court reviews the motion for attorney's fees de novo.

## DISCUSSION

*I.  Legal Standard for Motion for Attorney's Fees*

Under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1); *see also LaBarbera v. J.E.T. Res., Inc.*, 396 F. Supp. 2d 346, 349–50 (E.D.N.Y. 2005) (explaining that "[u]nder ERISA, an award of attorneys' fees and costs is within the sound discretion of the trial court"). However, the court's discretion "'is not unlimited,' inasmuch as it may only award attorneys' fees to a [party] who has obtained 'some degree of success on the merits.'" *Donachie v. Liberty Life Assur. Co. of Bos.*, 745 F.3d 41, 46 (2d Cir. 2014) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254–55 (2010)). In applying this standard, the Court should evaluate whether the Court "can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." *Dist. Photo Inc. Health Care Plan v. Pyrros*, 2017 WL 2334027, at *3 (E.D.N.Y. May 30, 2017) (internal quotations and citation omitted).

Assuming the movant has met the threshold showing of some degree of success on the merits, the Court next turns to whether to award legal fees. The Second Circuit long ago established five factors that courts should weigh when considering whether to award legal fees and costs:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

*Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F. 2d 869, 871 (2d Cir. 1987) *abrogation on other grounds recognized by Levitian v. Sun Life & Health Ins. Co.*, 486 F. App'x

136 (2d Cir. 2012) (internal citations omitted). These five factors are applied through a lens that disfavors awards to defendants "to prevent the chilling of suits brought in good faith." *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 111 (2d Cir. 2011). The Court will now apply each of the *Chambless* factors to the case at bar.

   II.   The Motion for Attorney's Fees and Costs is Denied

   1. Degree of the Offending Party's Culpability or Bad Faith

"This first factor regarding 'bad faith' is generally the most significant to the overall determination whether a defendant should be awarded attorney's fees in an ERISA setting." *Critelli v. Fidelity Nat'l Insurance Co. of New York*, 554 F. Supp. 2d 360, 364 (E.D.N.Y. 2008). As noted in this Court's Findings of Fact and Conclusions of Law, "the evidence of implicit assent advanced by Plaintiffs is formidable and would certainly have carried the day but for the compelling and . . . highly credible testimony of [Mr.] Conway [of Defendant]." (Findings of Fact ¶ 16.) Accordingly, the Court finds that Plaintiffs did not bring this action in bad faith and that the first factor weighs in Plaintiff's favor.

   2. The Ability of the Offending Party to Satisfy and Award of Attorney's Fees

"[I]t is only a party's *inability* to pay an award that weighs in its favor while its *ability* to pay is generally neutral in effect." *Tedesco v. I.B.E.W. Local 1249 Ins. Fund*, 2019 WL 140649, at *4 (S.D.N.Y. Jan. 9, 2019) (emphasis in original). Plaintiffs concede that they could pay Defendant's legal fees and costs. (Mem. in Opp. at 5–6.) Therefore, the Court finds that this factor is neutral.

   3. Whether an Award of Fees Would Deter Other Persons from Acting Similarly Under Like Circumstances

When "an ERISA plaintiff has pursued a colorable (albeit unsuccessful) claim, [this factor] . . . weighs strongly *against* granting fees to the prevailing defendant" because awarding

fees "would likely deter beneficiaries and trustees from bringing suits in good faith for fear that they would be saddled by their adversary's fees[.]" *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000) (emphasis in original). As noted directly above, Plaintiffs brought this action in good faith and had significant evidence that weighed in their favor. In light of Plaintiffs' colorable claim, this factor weighs in Plaintiff's favor and against awarding damages.

4. The Relative Merits of the Parties' Positions

In this case, Plaintiffs' advanced "formidable" evidence in support of their position but Mr. Conway's testimony on behalf of Defendant was so compelling as to carry the day. Thus, both Plaintiffs' and Defendants' positions were meritorious for present purposes. Accordingly, this factor is neutral.

5. Whether the Action Conferred a Common Benefit on a Group of Pension Plan Participants

"[T[he fifth *Chambless* factor, whether the action conferred a common benefit on a group of plan participants, is generally regarded as either inapplicable or neutral where an ERISA defendant is seeking attorneys' fees." *Mahoney v. J.J. Weiser & Co.*, 646 F. Supp. 2d 582, 594 (S.D.N.Y. 2009). The instant motion for fees was brought by Defendant on its own behalf and confers no benefit to any other pension plan participants, therefore this factor is neutral or inapplicable.

6. The Motion for Fees and Costs is Denied

Assessing the five *Chambless* factors, two of the factors weigh in Plaintiffs' favor and three are neutral. Not a single factor weighs in favor of awarding fees to Defendant. While the Court has empathy for Defendant with regards to the substantial cost of litigating this action, there is an insufficient basis for awarding Defendant either attorneys' fees or costs. Thus, the Court declines to do so.

## CONCLUSION

Pursuant to Fed. R. Civ. P. 72(b) the Court has reviewed the R&R de novo. The Court finds that the *Chambless* factors weigh in Plaintiff's favor and against awarding attorneys' fees or costs.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for attorney's fees is denied in its entirety.

Dated: Central Islip, N.Y.
       March 14, 2019                                /s/  Denis R. Hurley
                                                            Denis R. Hurley
                                                            United States District Judge